IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD DANA ROBINSON, #316049, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:21-CV-340-WHA |
| ) | [WO] |
| ALA. DEPT OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants.  ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Edward Dana Robinson, a state inmate incarcerated at the Bullock Correctional Facility, filed this 42 U.S.C. § 1983 action challenging conditions of his confinement. Doc. 1 at 2–4. Robinson did not submit the $350 filing fee or $50 administrative fee upon the initiation of this case and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. Doc. 2. In support of this request, Robinson provided financial information showing the funds available to him in his inmate account upon the initiation of this case. Doc 2 at 3.

After a thorough review of the financial information provided by Robinson and pursuant to the provisions of 28 U.S.C. § 1915(b)(1), the court determined Robinson had access to sufficient funds to pay the $350.00 filing fee. Doc. 3 at 1. Based on the foregoing, the court ordered Robinson to pay the requisite filing fee on or before June 1, 2021. Doc. 3 at 1. This order also specifically advised Robinson "**that it is *his responsibility* to submit the appropriate paperwork to the prison account clerk for transmission of his funds**

**to this court for payment of the filing fe**e." Doc. 3 at 1. The order further "advised [Robinson] that if he is unable to procure the filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." Doc. 3 at 2. Moreover, the court specifically cautioned Robinson that failure to pay the filing fee within the time allowed by the court would result in a Recommendation "that his case be dismissed for such failure and the dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 3 at 2. The court subsequently granted Robison an extension until July 9, 2021 to pay the filing fee. Doc. 6. Robinson, however, did not submit the filing fee in compliance with the directives of these orders.

In light of the foregoing, the court entered an order requiring "that on or before August 5, 2021 Plaintiff shall (i) show cause why he has failed to pay the $350 filing fee in this case, and (ii) pay the requisite filing fee." Doc. 11. The court again cautioned Robinson "that if he fails to pay the filing fee in compliance with the court's orders the Magistrate Judge will recommend that this case be dismissed for such failure and the dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 11.

As of the present date, Robinson has failed to pay the $350.00 filing fee as ordered by the court. Thus, the undersigned concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket[,]" and "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of Plaintiff to pay the full filing fee as ordered by this court.

On or before **September 2, 2021** Plaintiff may file objections to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal

in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of August, 2021.

                          /s/   Charles S. Coody
                          UNITED STATES MAGISTRATE JUDGE